**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4992**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SALVADOR COMPARAN, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Senior District Judge.  (1:06-cr-00075-WLO)

Submitted:  August 27, 2007          Decided:  October 2, 2007

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Kyle Smith, LAW OFFICE OF J. KYLE SMITH, P.L.L.C., Newton, North Carolina, for Appellant.  David Paul Folmar, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Salvador Comparan, Jr., pled guilty to possessing with intent to distribute 663.63 kilograms of marijuana, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 1999 & Supp. 2007). He was sentenced to seventy-eight months of imprisonment, to be followed by four years of supervised release. On appeal, Comparan's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), raising five issues but stating that there were no meritorious issues for appeal. The Government declined to file a brief; Comparan, advised of his right to file a pro se supplemental brief, has done so, alleging ineffective assistance of counsel.

Counsel for Comparan first seeks to challenge the district court's denial of a motion to suppress. In view of Comparan's valid guilty plea, he has waived all antecedent nonjurisdictional defects, Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993), including his Fourth Amendment claim. Counsel next claims that the district court erred in considering the Government's response to Comparan's objections to the presentence report. This claim is patently without merit, particularly in light of trial counsel's concession that Comparan was not prejudiced by any delay on the part of the Government.

Third, counsel for Comparan challenges the district court's application of a guidelines enhancement. Under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2005), a defendant's base offense level is increased two levels "[i]f a dangerous weapon (including a firearm) was possessed." USSG § 2D1.1(b)(1). "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1(b)(1) cmt. n.3. "In order to prove that a weapon was present, the Government need show only that the weapon was possessed during the relevant illegal drug activity." United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001). The district court's determination that a firearm or other weapon was present and justifies the enhancement is a factual question that is reviewed for clear error. United States v. Apple, 915 F.2d 899, 914 (4th Cir. 1990). Our review of the record leads us to conclude that the district court did not err in enhancing Comparan's sentence under this provision.

Counsel also challenges whether the district court acted unreasonably in denying Comparan a four-point reduction based on his minimal role in the offense. A defendant has the burden of showing by a preponderance of the evidence that he had a minimal or minor role in the offense. United States v. Akinkoye, 185 F.3d 192, 202 (4th Cir. 1999). A defendant may receive a four-level reduction for being a minimal participant if he is "plainly among

the least culpable of those involved in the conduct of a group."
USSG § 3B1.2 cmt. n.4. This level of culpability is shown by "the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others . . . ." Id. A two-level reduction may be made when a defendant is a minor participant, that is, one "who is less culpable than most other participants, but whose role could not be described as minimal." USSG § 3B1.2 cmt. n.5.

In deciding whether the defendant played a minor or minimal role, the "critical inquiry is not just whether the defendant has done fewer 'bad acts' than his co-defendants, but whether the defendant's conduct is material or essential to committing the offense." United States v. Pratt, 239 F.3d 640, 646 (4th Cir. 2001) (internal quotations and citations omitted). Role adjustments are determined on the basis of the defendant's relevant conduct. United States v. Fells, 920 F.2d 1179, 1183-84 (4th Cir. 1990). The district court in this case denied the minimal role reduction, finding "no evidence to support a minimal or minor role in connection with the crime," and this finding is not clearly erroneous.

Finally, counsel questions whether the district court acted unreasonably in denying an additional one-level downward adjustment for acceptance of responsibility under USSG § 3E1.1(b). However, this adjustment may only be made upon formal motion by the

Government at the time of sentencing. USSG § 3E1.1 cmt. n.6. In this case, there was no such motion. Therefore, as the district court noted, Comparan was not eligible for the third point reduction, and this claim entitles him to no relief. United States v. Chase, 466 F.3d 310, 315 (4th Cir. 2006).

In his pro se supplemental brief, Comparan asserts that appellate counsel was ineffective for filing an Anders brief. This claim is not cognizable on direct appeal. To allow for adequate development of the record, a defendant must bring such claims in a 28 U.S.C. § 2255 (2000) motion unless the record conclusively establishes ineffective assistance of counsel. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Here, the record does not conclusively establish that Comparan's appellate counsel was ineffective.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Comparan's conviction and sentence. This court requires that counsel inform Comparan, in writing, of the right to petition the Supreme Court of the United States for further review. If Comparan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Comparan. We

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED